JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



07 CIV 8690

-----------------------------------------------------------------x
U.S. UNDERWRITERS INSURANCE COMPANY,        CIV:

                Plaintiff,

        -against-                                                       COMPLAINT

MEL-MAR REALTY CORP., FRANK RIVERA,
MECHANICAL HEATING SUPPLY, INC.,
JOSE AMADEO ZELAYA and MARIA ZELAYA,

                Defendants.
-----------------------------------------------------------------x

Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. UNDERWRITERS"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

**THE PARTIES**

1. At all times hereinafter mentioned, plaintiff was and still is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania.

2. At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance in the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant Mel-Mar Realty Corp. ("Mel-Mar") is a domestic corporation organized under and existing by virtue of the laws of the State of New York within a business office at 476 Timpson Place, Bronx, New York 10455.

4. Upon information and belief, at all times hereinafter mentioned, defendant Frank Rivera ("Rivera") was and is a resident of 144 Hilary Circle, New Rochelle, NY 10804.

5. Upon information and belief, at all times hereinafter mentioned, defendant Mechanical Heating Supply, Inc. ("Mechanical") is a domestic corporation organized under and existing by virtue of the laws of the State of New York with a business office at 461 Timpson Place, Bronx, New York 10455.

6. Upon information and belief, at all times hereinafter mentioned, defendant Jose Amadeo Zelaya resides at 583 Courtlandt Avenue, Bronx, NY 10451.

7. Upon information and belief, at all times hereinafter mentioned, defendant Maria Zelaya resides at 583 Courtlandt Avenue, Bronx, NY 10451.

## JURISDICTION

8. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

9. A controversy exists between the parties as to the coverage afforded under U.S. Underwriters' policy of insurance number CL 3093589, as well as the provisions of said policy.

10. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

11. Plaintiff has no adequate remedy at law.

## POLICIES

12. U.S. Underwriters Insurance Company issued a Commercial Liability Policy, Policy Number CL 3093589, to Mel-Mar for the policy period August 10, 2006 to August 10, 2007, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

13. On or about February 26, 2007, a lawsuit was filed in the Supreme Court of the State of New York, County of Bronx, entitled, <u>Jose Amadeo Zelaya and Maria Zelaya v. Frank Rivera, Mel-Mar Realty Corp. and Mechanical Heating Supply, Inc.</u>, Index Number: 8184/07 ("the Underlying Personal Injury Action").

14. It is alleged in the Underlying Personal Injury Action that on or about January 23, 2007, Jose Amadeo Zelaya was caused to be injured while installing sheetrock at the premises known as 460 Timpson Place, Bronx, New York.

15. A Supplemental Summons and Amended Verified Complaint was filed on or about May 24, 2007.

16. The Amended Verified Complaint alleges that Jose Amadeo Zelaya was caused to be injured while installing sheetrock at the premises known as 460-482 Timpson Place, Bronx, New York.

17. U.S. Underwriters have retained counsel to represent Mel-Mar in the Underlying Personal Injury Action reserving all rights and defenses to coverage under the Policy until an adjudication can be made regarding the rights and responsibilities under the insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 17 as if fully set forth at length herein.

19. The Policy provides in pertinent part as follows:

## BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACTORS

I.  **Paragraph 2. Exclusions subparagraph e. of Section I — Coverages, Coverage A Bodily Injury and Property Damage Liability** is deleted in its entirety and replaced with the following:

   1. "Bodily injury" to any "employee", "volunteer worker", "temporary worker" or "casual laborer" arising out of or in the course of:

      (a) Employment by any insured; or
      (b) Performing duties related to the conduct of any insured's business;

   2. "Bodily injury" to any contractor, subcontractor or any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any capacity; or

   3. Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or

   4. "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any insured, or of a contractor, subcontractor, or of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor as a consequence of any injury to any person as set forth in paragraphs 1. and 2. of this endorsement.

   This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers' Compensation law.

"Casual laborer" means any person providing work or materials to any insured for compensation of any type.

20. The Underlying Personal Injury Action alleges that the accident took place on January 23, 2007.

21. Upon information and belief, defendant Jose Amadeo Zelaya was hired by defendant defendant Mel-Mar Realty Corp.

22. Upon information and belief, defendant Jose Amadeo Zelaya was hired by defendant Rivera.

23. Upon information and belief, defendant Jose Amadeo Zelaya was hired by defendant Mechanical.

24. The Policy does not cover bodily injuries to employees, volunteer workers, temporary workers or casual laborers arising out of employment by any insured or performing duties related to the conduct of any insured's business.

25. The Underlying Personal Injury Action alleges that Mr. Zelaya was caused to fall from an elevated structure while installing sheet rock.

26. Upon information and belief, Mr. Zelaya, as an employee of Mel-Mar Realty Corp. is an employee of the insured and therefore not covered by the policy.

27. Upon information and belief, Mr. Zelaya, as an employee of Rivera is an employee of the insured and therefore not covered by the policy.

28. Upon information and belief, Mr. Zelaya, as an employee of Mechanical is an employee of the insured and therefore not covered by the policy.

29. Upon information and belief, Mr. Zelaya, as a volunteer worker of Mel-Mar Realty Corp. is not covered under the policy for bodily injuries arising out of employment.

30. Upon information and belief, Mr. Zelaya, as a volunteer worker of Rivera is not covered under the policy for bodily injuries arising out of employment.

31. Upon information and belief, Mr. Zelaya, as a volunteer worker of Mechanical is not covered under the policy for bodily injuries arising out of employment.

32. Upon information and belief, Mr. Zelaya, as a temporary worker of Mel-Mar Realty is not covered under the policy for bodily injuries arising out of employment.

33. Upon information and belief, Mr. Zelaya, as a temporary worker of Rivera is not covered under the policy for bodily injuries arising out of employment.

34. Upon information and belief, Mr. Zelaya, as a temporary worker of Mechanical is not covered under the policy for bodily injuries arising out of employment.

35. Upon information and belief, Mr. Zelaya, as a casual laborer of Mel-Mar Realty is not covered under the policy for bodily injuries arising out of employment.

36. Upon information and belief, Mr. Zelaya, as a casual laborer of Rivera is not covered under the policy for bodily injuries arising out of employment.

37. Upon information and belief, Mr. Zelaya, as a casual laborer of Mechanical is not covered under the policy for bodily injuries arising out of employment.

38. The Policy also does not cover bodily injury claims to any contractor, subcontractor, or any employee, volunteer worker, temporary worker or casual laborer of any contractor or subcontractor.

39. Mr. Zelaya, as an employee of Mel-Mar Realty, is a contractor.

40. Mr. Zelaya, as an employee of Rivera, is a contractor.

41. Mr. Zelaya, as an employee of Mechanical, is a contractor.

42. Mr. Zelaya, as an employee of Mel-Mar Realty, is a subcontractor.

43. Mr. Zelaya, as an employee of Rivera, is a subcontractor.

44. Mr. Zelaya, as an employee of Mechanical, is a subcontractor.

45. Mr. Zelaya, as an employee of Mel-Mar Realty, is an employee, volunteer worker, temporary worker or causal laborer of a contractor.

46. Mr. Zelaya, as an employee of Rivera, is an employee, volunteer worker, temporary worker or causal laborer of a contractor.

47. Mr. Zelaya, as an employee of Mechanical, is an employee, volunteer worker, temporary worker or causal laborer of a contractor.

48. Mr. Zelaya, as an employee of Mel-Mar Realty, is an employee, volunteer worker, temporary worker or causal laborer of a subcontractor.

49. Mr. Zelaya, as an employee of Rivera, is an employee, volunteer worker, temporary worker or causal laborer of a subcontractor.

50. Mr. Zelaya, as an employee of Mechanical, is an employee, volunteer worker, temporary worker or causal laborer of a subcontractor.

51. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend and indemnify Mel-Mar with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

52. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify Rivera, Mechanical, Jose Amadeo Zelaya and Maria Zelaya with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

## AS AND FOR A SECOND CAUSE OF ACTION

53. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 52 as if fully set forth at length herein.

54. Mel-Mar's liability with U.S. Underwriters states in pertinent part as follows:

### PREMISES LIMITATION ENDORSEMENT

It is agreed **SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 1. Insuring Agreement, b. (1)** is deleted in its entirely and replaced with the following:

> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place within the interior portion of a leased building or other structure set forth in this endorsement; or at an owned premises, site, or location set forth in this endorsement. This insurance shall not apply to an "occurrence" that takes place at any other premises, site or location.
> >
> > The company does not have the duty to defend any "suit" seeking damages on account of any "occurrence" that takes place at any premises, site or location other than the premises, site(s) or location(s) listed above. If no entry appears above, this endorsement applies to all premises, site(s) or location(s) listed in the Declarations or Supplemental Declarations page of this policy.
> >
> > This endorsement shall not preclude coverage as provided under an "insured contract".

55. The Complaint states that the occurrence took place at premises known as 460 Timpson Place, Bronx, New York.

56. The Amended Verified Complaint states that the occurrence took place at premises known as 460-482 Timpson Place, Bronx, New York.

57. The Extension of Declarations page of the Policy indicates that the Location of All Premises You Own, Rent or Occupy is: 476 Timpson Place, Bronx, NY 10455

58. As the occurrence did not take place within the premises covered by the policy, there is no coverage for the bodily injuries sustained by Jose Amadeo Zelaya through U.S. Underwriters policy CL 3093589.

59. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend and indemnify Mel-Mar with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

60. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify Rivera, Mechanical, Jose Amadeo Zelaya and Maria Zelaya with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

## AS AND FOR A THIRD CAUSE OF ACTION

61. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 60 as if fully set forth at length herein.

62. The Policy provides in pertinent part as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

   **2. Duties In The Event of Occurrence, Offense, Claim or Suit**

   a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The name and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

63. The accident took place on January 23, 2007.

64. U.S. Underwriters did not receive notice of the occurrence from Mel-Mar.

65. U.S. Underwriters did not receive notice of the occurrence from Jose Amadeo Zelaya.

66. The Policy condition requiring the forwarding of a notice of a claim as soon as practicable was thus breached by Mel-Mar and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

67. U.S. Underwriters received notice of the lawsuit on April 9, 2007 from CRC Insurance Services, Inc.

68. U.S. Underwriters sent to Mel-Mar a timely disclaimer dated April 10, 2007.

69. U.S. Underwriters sent to attorneys for Jose Amadeo Zelaya, as well as Mechanical and Rivera a copy of the April 10, 2007 disclaimer letter.

70. Upon receipt of the Amended Verified Complaint, U.S. Underwriters sent to Mel-Mar a second timely disclaimer letter, dated May 29, 2007.

71. U.S. Underwriters sent to attorneys for Jose Amadeo Zelaya, as well as Mechanical and Frank Rivera a copy of the May 29, 2007 disclaimer letter.

72. U.S. Underwriters sent to Mel-Mar a third timely disclaimer letter, dated October 4, 2007.

73. U.S. Underwriters sent to attorneys for Jose Amadeo Zelaya, as well as Mechanical and Frank Rivera a copy of the October 4, 2007 disclaimer letter.

74. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend and indemnify Mel-Mar with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

75. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify Rivera, Mechanical, Jose Amadeo Zelaya and Maria Zelaya with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

**WHEREFORE**, plaintiff U.S. UNDERWRITERS INSURANCE COMPANY prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and/or indemnify Mel-Mar under U.S. UNDERWRITERS liability policy number CL 3093589, with respect to the claims in the Underlying Personal Injury Action; and

(b) declaring that plaintiff is not obligated to defend and/or indemnify Rivera, Mechanical, Jose Amadeo Zelaya and Maria Zelaya under U.S. UNDERWRITERS' liability policy number CL 3093589; and

(c)   granting to plaintiff such other and further relief as to this Court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:   Mineola, New York
October 8, 2007

                                      MIRANDA SOKOLOFF SAMBURSKY
                                      SLONE VERVENIOTIS LLP
                                      Attorneys for Plaintiff
                                      **U.S. UNDERWRITERS**
                                      **INSURANCE COMPANY**

By: _____
      Steven Verveniotis   (SV 8800)
      240 Mineola Boulevard
      The Esposito Building
      Mineola, New York 11501
      (516) 741-7676
      Our File No.: 07-566