UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
U.S. UNDERWRITERS INSURANCE COMPANY         CIV: 07 CIV 8690
        Plaintiff                   RESPONSE TO SUPPLEMENTAL
                                             NOTICE TO PRODUCE
   -against-

MEL-MAR REALTY CORP. FRANK RIVERA,
MECHANICAL HEATING SUPPLY, INC.,
JOSE AMADEO ZELAYA and MARIA ZELAYA
        Defendants
------------------------------------------------------------------------X

      Defendant, FRANK RIVERA, by his attorneys, FELBERBAUM, HALBRIDGE & WIRTH, set forth the following for his Response to Supplemental Notice to Produce dated February 15, 2008:

      1. Annexed hereto are copies of the construction records for the premises known as 460-482 Timson Place, Bronx, New York;

      2. Annexed hereto are copies of the Worker's Compensation records for Jose Amadeo Zelaya;

      3. Annexed hereto are copies of the permit and records for payment for construction services for the premises known as 460-482 Timson Place, Bronx, New York.

Dated: Commack, NY
       August 19, 2008

                                          Your's etc.,

                                          _____
                                          ROBERT C. WIRTH, ESQ. (2160)
                                          FELBERBAUM, HALBRIDGE & WIRTH
                                          Attorneys for Defendant
                                          357 Veterans Memorial Highway
                                          Commack, NY 11725

To:     Steven Verveniotis, Esq. (8800)
       MIRANDA, SOKOLOFF, SAMBURSKY
       SLONE, VERVENIOTIS, LLP
       Attorney for Plaintiff
       240 Mineola Boulevard
       The Esposito Building
       Mineola, New York 11501
       (516) 741-7676
       File #: 07-566

       LAW OFFICES OF LORENZO J. TASSO, P.C.
       Attorney for Defendant
       29-27 Queens Plaza North – Suite 601
       Long Island City, New York 11101
       (718) 361-9200

STATE OF NEW YORK}
                    ss:
COUNTY OF SUFFOLK}

    I, CHRISTINE DOUKAS, being duly sworn, say; I am not a party to the action, am over 18 years of age and reside at Smithtown, New York.

    On August 19, 2008 I served the within RESPONSE TO SUPPLEMENTAL NOTICE TO PRODUCE on the persons listed below at the addresses designated by said attorney(s) for that purpose by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

To:    STEVEN VERVENIOTIS (SV-8800)
       MIRANDA SOKOLOFF SAMBURSKY
       SLONE VERVENIOTIS, LLP
       Attorneys for Plaintiff,
       U.S. UNDERWRITERS INSURANCE CO.
       240 Mineola Boulevard
       Mineola, New York 11501

       LAW OFFICES OF LORENZO J. TASSO, P.C.
       Attorneys for Defendants,
       JOSE AMADEO ZELAYA and MARIA ZELAYA
       29-27 41st Avenue, Suite 601
       Long Island City, New York 11101

_____
CHRISTINE DOUKAS

Sworn to before me this
19th day of August 2008

_____
Notary Public

ROBERT C. WIRTH
NOTARY PUBLIC, State of New York
No. 02WI4859582
Qualified in Suffolk County
Commission Expires April 21, 20 10

Mel-Mar Deed for Property

Mel-Mar Lease with Mechanical Heating

Mel-Mar Work Permit

Coblat Construction Proposal on 476 Project

Hudson Valley Bank Letter confirming Construction Loan

TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE IN NEW YORK STATE

State of New York, County of _____ ss:

On the ____ day of ____ in the year ____
before me, the undersigned, personally appeared
_____

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

State of New York, County of _____ ss:

On the ____ day of ____ in the year ____
before me, the undersigned, personally appeared
_____

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE OUTSIDE NEW YORK STATE

State (or District of Columbia, Territory, or Foreign Country) of FLORIDA  ss:

On the 6th day of ~~January~~ February in the year 2006 before me, the undersigned, personally appeared JOSEPH JANNACH personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the

MIAMI _____ in FLORIDA _____
(insert the City or other political subdivision)  (and insert the State or Country or other place the acknowledgment was taken)

_____
(signature and office of individual taking acknowledgment)

Madeleine Hernandez
My Commission DD315572
Expires May 03, 2008

DISTRICT
SECTION    10
BLOCK      2600
LOT        89
COUNTY OR TOWN   Bronx
STREET ADDRESS   476-482 Timpson Place
                 Bronx, New York
Recorded at Request of
THE JUDICIAL TITLE INSURANCE AGENCY LLC

**BARGAIN AND SALE DEED**
WITH COVENANT AGAINST GRANTOR'S ACTS

Title No. _____

JRJ LAND PROPERTY CORP.

TO

MEL-MAR REALTY CORP.

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
THE JUDICIAL TITLE INSURANCE AGENCY LLC
550 MAMARONECK AVENUE
HARRISON, NY 10528
914-381-6700 • 800-281-TITLE

RETURN BY MAIL TO:

David Sherman, Esq.
205 Commack Road, #40
Commack, NY 11725

OFFICE

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made the 6th day of February ~~January~~, 2006

BETWEEN

JRJ LAND PROPERTY CORP., c/o Langsam Property Services Corp., 1601 Bronxdale Avenue, Bronx, NY 10462

party of the first part, and

MEL-MAR REALTY CORP., having an office at 461 Timpson Place, Bronx, New York 10455

party of the second part,

WITNESSETH, that the party of the first part, in consideration of ------------------------------ TEN ------------------------------------------ dollars paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE SCHEDULE "A" ANNEXED HERETO

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" when ever the sense of this indenture so requires.

## COMMERCIAL LEASE

This lease is made between MEL-MAR REALTY CORP. 3 VETERE PLACE. BEDFORD CORNERS, NEW YORK 10549, herein called Lessor, and MECHANICAL HEATING SUPPLY INC., herein called Lessee.

Lessee hereby offers to lease from Lessor the premises situated in the City of NEW YORK, County of BRONX, State of NEW YORK, described as 25,000 SF. ONE STORY BUILDING KNOWN AS 476 TIMPSON PLACE., upon the following TERMS and CONDITIONS:

1. Term and Rent. Lessor demises the above premises for a term of 2 years, commencing JANUARY 1,2007 and terminating on DECEMBER 31,2009 or sooner as provided herein at the annual rental of ($) 162,000.00 payable in equal installments in advance on the first day of each month for that month's rental, during the term of this lease. All rental payments shall be made to Lessor, at the address specified above.

2. Use. Lessee shall use and occupy the premises for WAREHOUSE AND OFFICE FOR HEATING SUPPLY BUSINESS. The premises shall be used for no other purpose. Lessor represents that the premises may lawfully be used for such purpose.

3. Care and Maintenance of Premises. Lessee acknowledges that the premises are in good order and repair, unless otherwise indicated herein. Lessee shall, at his own expense and at all times, maintain the premises in good and safe condition, including plate glass, electrical wiring, plumbing and heating installations and any other system or equipment upon the premises, and shall surrender the same at termination hereof, in as good condition as received, normal wear and tear excepted. Lessee shall be responsible for all repairs required, excepting the roof, exterior walls, structural foundations, and:

4. Alterations. Lessee shall not, without first obtaining the written consent of Lessor, make any alterations, additions, or improvements, in, to or about the premises.

5. Ordinances and Statutes. Lessee shall comply with all statutes, ordinances and requirements of all municipal, state and federal authorities now in force, or which may hereafter be in force, pertaining to the premises, occasioned by or affecting the use thereof by Lessee.

6. Assignment and Subletting. Lessee shall not assign this lease or sublet any portion of the premises without prior written consent of the Lessor, which shall not be unreasonably withheld. Any such assignment or subletting without consent shall be void and, at the option of the Lessor, may terminate this lease.

7. Utilities. All applications and connections for necessary utility services on the demised premises shall be made in the name of Lessee only, and Lessee shall be solely liable for utility charges as they become due, including those for sewer, water, gas, electricity, and telephone services.

8. Entry and Inspection. Lessee shall permit Lessor or Lessor's agents to enter upon the premises at reasonable times and upon reasonable notice, for the purpose of inspecting the same, and will permit Lessor at any time within

sixty (60) days prior to the expiration of this lease, to place upon the premises any usual "To Let" or "For Lease" signs, and permit persons desiring to lease the same to inspect the premises thereafter.

9. Possession. If Lessor is unable to deliver possession of the premises at the commencement hereof, Lessor shall not be liable for any damage caused thereby, nor shall this lease be void or voidable, but Lessee shall not be liable for any rent until possession is delivered. Lessee may terminate this lease if possession is not delivered within 5 days of the commencement of the term hereof.

10. Indemnification of Lessor. Lessor shall not be liable for any damage or injury to Lessee, or any other person, or to any property, occurring on the demised premises or any part thereof, and Lessee agrees to hold Lessor harmless from any claim for damages, no matter how caused.

11. Insurance. Lessee, at his expense, public liability insurance including bodily injury and property damage insuring Lessee and Lessor with minimum coverage as follows:
    Lessee shall provide Lessor with a Certificate of Insurance showing Lessor as additional insured. The Certificate shall provide for a ten-day written notice to Lessor in the event of cancellation or material change of coverage. To the maximum extent permitted by insurance policies which may be owned by Lessor or Lessee, Lessee and Lessor, for the benefit of each other, waive any and all rights of subrogation which might otherwise exist.

12. Eminent Domain. If the premises or any part thereof or any estate therein, or any other part of the building materially affecting Lessee's use of the premise, shall be taken by eminent domain, this lease shall terminate on the date when title vests pursuant to such taking. The rent, and any additional rent, shall be apportioned as of the termination date, and any rent paid for any period beyond that date shall be repaid to Lessee. Lessee shall not be entitled to any part of the award for such taking or any payment in lieu thereof, but Lessee may file a claim for any taking of fixtures and improvements owned by Lessee, and for moving expenses.

13. Destruction of Premises. In the event of a partial destruction of the premises during the term hereof, from any cause, Lessor shall forthwith repair the same, provided that such repairs can be made within sixty (60) days under existing governmental laws and regulations, but such partial destruction shall not terminate this lease, except that Lessee shall be entitled to a proportionate reduction of rent while such repairs are being made, based upon the extent to which the making of such repairs shall interfere with the business of Lessee on the premises. If such repairs cannot be made within said sixty (60) days, Lessor, at his option, may make the same within a reasonable time, this lease continuing in effect with the rent proportionately abated as aforesaid, and in the event that Lessor shall not elect to make such repairs which cannot be made within sixty (60) days, this lease may be terminated at the option of either party. In the event that the building in which the demised premises may be situated is destroyed to an extent of not less than one-third of the replacement costs thereof, Lessor may elect to terminate this lease whether the demised premises be injured or not. A total destruction of the building in which the premises may be situated shall terminate this lease.

14. Lessor's Remedies on Default. If Lessee defaults in the payment of rent, or any additional rent, or defaults in the performance of any of the other covenants or conditions hereof, Lessor may give Lessee notice of such default and if Lessee does not cure any such default within 15 days, after the giving of such notice (or if such other default is of such nature that it cannot be completely cured within such period, if Lessee does not commence

such curing within such 20 days and thereafter proceed with reasonable diligence and in good faith to cure such default), then Lessor may terminate this lease on not less than 25 days' notice to Lessee. On the date specified in such notice the term of this lease shall terminate, and Lessee shall then quit and surrender the premises to Lessor, but Lessee shall remain liable as hereinafter provided. If this lease shall have been so terminated by Lessor, Lessor may at any time thereafter resume possession of the premises by any lawful means and remove Lessee or other occupants and their effects. No failure to enforce any term shall be deemed a waiver.

15. Security Deposit. Lessee shall deposit with Lessor on the signing of this lease the sum of ZERO Dollars ($) 0 as security deposit for the performance of Lessee's obligations under this lease, including without limitation, the surrender of possession of the premises to Lessor as herein provided. If Lessor applies any part of the deposit to cure any default of Lessee, Lessee shall on demand deposit with Lessor the amount so applied so that Lessor shall have the full deposit on hand at all times during the term of this lease.

16. Tax Increase. In the event there is any increase during any year of the term of this lease in the City, County or State real estate taxes over and above the amount of such taxes assessed for the tax year during which the term of this lease commences, whether because of increased rate or valuation, Lessee shall pay to Lesser upon presentation of paid tax bills an amount equal to 100 % of the increase in taxes upon the land and building in which the leased premises are situated. In the event that such taxes are assessed for a tax year extending beyond the term of the lease, the obligation of Lessee shall be proportionate to the portion of the lease term included in such year.

17. Common Area Expenses. In the event the demised premises are situated in a shopping center or in a commercial building in which there are common areas, Lessee agrees to pay his pro-rata share of maintenance, taxes, and insurance for the common area.

18. Attorney's Fees. In case suit should be brought for recovery of the premises, or for any sum due hereunder, or because of any act which may arise out of the possession of the premises, by either party, the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee.

19. Notices. Any notice which either party may, or is required to give, shall be given by mailing the same, postage prepaid, to Lessee at the premises, or Lessor at the address shown below, or at such other places as may be designated by the parties from time to time.

20. Heirs, Assigns, Successors. This lease is binding upon and inures to the benefit of the heirs, assigns and successors in interest to the parties.

21. Option to Renew. Provided that Lessee is not in default in the performance of this lease, Lessee shall have the option to renew the lease for an additional term of 12 months commencing at the expiration of the initial lease term. All of the terms and conditions of the lease shall apply during the renewal term except that the monthly rent shall be the sum of $14,175.00. The option shall be exercised by written notice given to Lessor not less than 30 days prior to the expiration of the initial lease term. If notice is not given in the manner provided herein within the time specified, this option shall expire.

22. Subordination. This lease is and shall be subordinated to all existing and future liens and encumbrances against the property.

23. Entire Agreement. The foregoing constitutes the entire agreement between the parties and may be modified only by a writing signed by both parties. The following Exhibits, if any, have been made a part of this lease before the parties' execution hereof:

Signed this 5TH day of DECEMBER, 2006.

By _____  By _____
MECHANICAL HEATING SUPPLY, INC       MEL-MAR REALY CORP.